## M. A. FAVARON *v.* J. M. RIDEAU.

The object of the law requiring the authorization of the husband, before the wife can be sued, is fully accomplished when the husband joins the wife in an answer to the suit, even when they have not been designated as husband and wife in the petition.

When a married woman who had been authorized to defend a suit by her first husband, marries a second time, while the suit is pending, it is not necessary that the authorization of her second husband should be obtained.

APPEAL from the District Court of the Parish of St. Tammany, *Wilson*, J. *A. Bowie*, for plaintiff and appellant. *J. C. David*, for defendant.

COLE, J. This suit is instituted by plaintiff, to annul a judgment.

The District Court gave judgment for the defendant, and plaintiff has appealed.

The suit sought to be decreed null, was brought against plaintiff and *F. Dury*. It represented that plaintiff, designated in the petition as *Mary A. Riche*, and *F. Dury* were sometime before living and carrying on business together; at times under the name of *F. Dury*, and since, about one year and a half, under the name of *Mary Ann Riche*, the concubine of *F. Dury*, who has, under her name, their property, to shelter *F. Dury* from seizure by his creditors. The petition prayed that *F. Dury* and *Mary Ann Riche*, who styles herself *Mrs. Dury*, be cited.

They were both cited, and filed the following answer:

" *François Dury* and *Mary Ann Riche*, residents of the State and parish aforesaid, and defendants in the above entitled case, now appear by counsel, and for answer to plaintiff's petition, deny all the allegations therein contained, require strict proof of the same, and pray to be hence dismissed, with costs.

(Signed) ANGUS BOWIE, Defendants' Attorney."

Plaintiff, *M. A. Riche*, now seeks to annul the judgment rendered against her in that suit, on the ground, she was the wife of *F. Dury* at the time of the institution of said suit, and the wife of *P. Favaron* at the time and before judgment was rendered against her, and that she was never authorized to defend said suit or stand in judgment by the court, or by either of her said husbands.

FAVARON
v.
RIDEAU.

Plaintiff's petition in the present case, represents that she intermarried with *F. Dury*, on the 13th of March, 1854, and lived with him, as husband and wife, until his death in March, 1857. That on the 29th of April, 1857, she intermarried with her present husband, *Pascal Favaron*, and has lived with him ever since as husband and wife. That on the 8th of May, 1856, the suit in which the judgment is sought to be annulled was filed against her and *F. Dury*, her husband, and on the 13th of June, 1857, judgment was rendered against her in the same.

The causes of the alleged nullity appear then to be :

1st. That she was not sued as the wife, but the concubine of *F. Dury*.

If *Dury* and his wife thought proper to conceal the sacred connection between them, as husband and wife, they cannot hope to derive any benefit from this to the prejudice of their creditors.

*Dury* and his wife could have excepted to the mode in which they were sued, but instead of this, they filed a joint answer.

If they were really husband and wife at the commencement of the suit, they cured the error of the plaintiff in calling her the concubine of *Dury*, by jointly filing an answer.

The object of the law in requiring the authorization of the husband, or court, before the wife can be sued, is fully accomplished when the husband joins the wife in an answer to the suit, even if they have not been designated as husband and wife in the petition.

2d. The second ground of nullity is, that her second husband, *P. Favaron*, never authorized her to appear in the suit, and therefore judgment could not be rendered against her.

Having been authorized by her first husband, by his and her joint answer, it was not necessary for the plaintiff to have afterwards obtained the authorization of her second husband.

Judgment affirmed, with costs of appeal.